# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.R., a minor, by and through his parents and natural guardians, Mr. R.R. and Ms. N.R., husband and wife, and Mr. R.R. and Ms. N.R., husband and wife, in their own right, | Civil Docket No. 2:21-cv-1088 |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| | Type of Pleading: |
| | **Complaint in Civil Action** |
| GREATER LATROBE SCHOOL DISTRICT, A Pennsylvania Municipal Corporation, CARY JAMES LYDIC, an adult individual, DAVID F. GALANDO, an adult individual, R.S., a minor individual, and W.S., a minor individual. | Filed on behalf of: **J.R., Plaintiff** |
| | COUNSEL OF RECORD: Kenneth M. Baldonieri, Esq PA ID# 92962 Aimee R. Jim, Esq. PA ID#82086 *Attorneys for Plaintiff* |
| Defendants. | |
| | 1870 Ligonier St. Latrobe, PA 15650 baldonieri@msn.com (412) 225-1976 ajim.law@verizon.net (724) 520-1880 |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.R., a minor, by and through his parents and natural guardians, Mr. R.R. and Ms. N.R., husband and wife, and Mr. R.R. and Ms. N.R., husband and wife, in their own right,<br><br>    Plaintiffs,<br><br>v.<br><br>GREATER LATROBE SCHOOL DISTRICT, A Pennsylvania Municipal Corporation, CARY JAMES LYDIC, an adult individual, DAVID F. GALANDO, an adult individual, R.S., a minor individual, and W.S., a minor individual. | Civil Docket No. 2:21-cv-1088<br><br>**JURY TRIAL DEMANDED**<br><br>Type of Pleading:<br>Complaint in Civil Action<br><br>Filed on behalf of:<br>J.R., a minor, Plaintiff |

## COMPLAINT IN CIVIL ACTION

Plaintiffs, by and through their counsel, Kenneth M. Baldonieri, Esq. and Aimee R. Jim, Esq., hereby file this Complaint in Civil Action against Defendants, Greater Latrobe School District, Cary James Lydic, David F. Galando, minor child R.S. and minor child W.S., averring as follows:

## INTRODUCTION

1. This complaint arises out of Defendants' violation of Plaintiff's rights pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution; Defendants' violation of 42 U.S.C. § 1983; Defendants' violation of 18 Pa.C.S.A. §2802 (both negligence and negligence per se); and Defendants' intentional infliction of emotional distress.

## PARTIES

2. Plaintiff J.R. is a minor child citizen of the Commonwealth of Pennsylvania, residing in the City of Latrobe, Pennsylvania, and at all times relevant hereto was a student in the Greater Latrobe School District.

3. Plaintiffs Mr. R.R. and Ms. N.R. are the parents and natural guardians of minor child J.R., and at all times relevant hereto, Plaintiff J.R. resided with his parents, R.R. and N.R., in the Greater Latrobe School District.

4. Defendant, Greater Latrobe School District (hereinafter "District"), is a governmental entity and educational institution with multiple locations in the Commonwealth of Pennsylvania, including a Central Administration office located at 1816 Lincoln Avenue, Latrobe, PA.

5. Defendant Cary James Lydic is an adult individual residing in the Commonwealth of Pennsylvania and at all times relevant herein was employed by Defendant District.

6. Defendant David F. Galando is an adult individual residing in the Commonwealth of Pennsylvania and at all times relevant herein was employed by Defendant District.

7. Defendant R.S. is a minor child citizen of the Commonwealth of Pennsylvania, residing in the City of Latrobe, Pennsylvania, and at all times relevant hereto was a student in the Greater Latrobe School District.

8. Defendant W.S. is a minor child citizen of the Commonwealth of Pennsylvania, residing in the City of Latrobe, Pennsylvania, and at all times relevant hereto was a student in the Greater Latrobe School District.

## JURISDICTION AND STANDING

9. This Complaint seeks appropriate relief for violations pursuant to a civil action under, *inter alia*, 42 U.S.C. §§ 1983 seeking damages against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiffs of rights secured under the Constitution and laws of the United States, and for refusing or neglecting to prevent such deprivations and denials to Plaintiffs.

10. This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, as this action arises under the laws of the United States.

11. This action arises under the laws of the United States, and therefore this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

12. Further, this action seeks recovery of attorneys' fees and costs pursuant to §§ 1983 and 1988.

13. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2). The actions complained of took place in this judicial district, such that evidence and pertinent records relevant to the allegations would be maintained in this judicial district, and the Defendants are present and/or conduct affair in this judicial district.

14. The Court has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over claims brought pursuant to Pennsylvania state law because such claims arise from the same set of operative facts as those claims brought pursuant to the claims arising under the United States Constitution and 42 U.S.C. §§ 1983 and 1988. The facts underlying all claims herein raised are so related that they create the same case and controversy. Jurisdiction and venue are therefore properly laid in Westmoreland County, Pennsylvania.

15.     The Court has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Defendants not employed and/or acting under the color of state law because such claims against said Defendants arise from the same set of operative facts as those claims brought pursuant to the claims arising under the United States Constitution and 42 U.S.C. §§ 1983 and 1988. The facts underlying all claims herein raised are so related that they create the same case and controversy.

### FACTS COMMON TO ALL CAUSES OF ACTION

16.     Plaintiff J.R. was and is an A-student at Greater Latrobe High School. During his freshman year, J.R. was accepted into the Greater Latrobe Junior Varsity Wrestling program, where he was coached primarily by Defendants Lydic and Galando.

17.     Shortly after J.R. began the 2019-2020 wrestling season, he began witnessing various acts of hazing by several other members of the wrestling team. The hazing frequently consisted of one of the older wrestlers, Defendant R.S., hitting or smacking a younger teammate with a wooden stick that was kept near the practice gym.

18.     Plaintiff J.R. was personally attacked for the first time in December of 2019, when Defendant R.S., J.R.'s ninth-grade teammate, struck J.R. with the wooden stick on the back of the leg. A scuffle between the two ensued, but the boys remained friends, or so J.R. thought.

19.     On January 8, 2020, after returning from winter break, J.R. had finished class and was preparing to participate in wrestling practice. Since his ninth-grade classes ended at 2:45pm, Plaintiff J.R. arrived at the gymnasium at approximately 2:50pm.

20.     Plaintiff J.R. put on his gym shorts, t-shirt and socks, and walked to the auxiliary gym at the high school to wait for practice. As he sat on the floor in the auxiliary gym getting ready to put on his shoes, Plaintiff J.R. was tackled by his ninth-grade, minor-child teammate, S.B., and then pinned to the ground – facedown - by S.B., Defendant W.S., and Defendant R.S.

21.     While Plaintiff J.R. was held down and immobilized, S.B. retrieved some rope and/or a net from an unknown location and bound the feet and hands of Plaintiff J.R.  Defendant W.S. remained sitting on the now-tied-up Plaintiff J.R. and was joined in physically restraining Plaintiff J.R. by S.B.

22.     By this time, Defendant R.S. had retrieved "the stick" referenced above.  R.S. began forcefully striking J.R. with the stick, beating him several times on the back of the legs.  Defendant R.S. then took the stick and rammed it into the buttocks of Plaintiff J.R. approximately five times.  In doing so, R.S. forcefully and purposefully used the stick to penetrate the anus of J.R. by forcing J.R.'s shorts into his anus with the stick.

23.     The three assailants – S.B., Defendant W.S., and Defendant R.S. – were laughing and joking during the entirety of this sexual assault on the minor plaintiff, J.R.  Defendant R.S. admitted in his juvenile delinquency proceeding that he took advantage of his physical ability and knew he "had control over" his victims, and in particular, Plaintiff J.R.

24.     The incident only ended when J.R. was finally able to wretch free from the rope and push his assailants off of him.  The assailants then proceeded to attempt to tie up J.R. for a second time, as they apparently weren't finished with their assault.  J.R. managed to fight them off and gain control of the weapon used in the assault.

25.     At that point, Defendant Galando appeared, saw the rope and/or netting and questioned the students regarding the incident.  The response was less than forthcoming from all involved, as the assailants denied any wrongdoing and Plaintiff understandably was unable to verbalize what just occurred.

26. On the date of the assault, and on every practice-day preceding the incident, from 2:45pm until 3:30pm, the ninth-grade wrestlers, consisting of approximately fifteen (15) minor participants, were completely unsupervised.

27. Defendants District, Lydic and Galando left the minors unsupervised due to the fact that the seventh and eighth-grade students did not finish classes until 3:15pm and therefore wrestling practice did not commence until 3:30pm. As such, the ninth-grade group of wrestlers had no adult supervision whatsoever from the time they left their classrooms at 2:45pm until the coaches arrived to begin practice at 3:30pm. This group of fourteen and fifteen-year-old boys were left to their own devices for forty-five (45") minutes every day.

28. Defendants District, Lydic and Galando either knowingly allowed these minor students to be unsupervised or were negligently unaware that students were being left unattended. In either scenario, Defendants Lydic and Galando and Defendant District were manifestly negligent in their supervision of the minor students entrusted to their care by their unknowing parents, and of Plaintiff J.R. in particular.

29. Defendant District was also negligent in failing to have anti-hazing policy and procedures in place, or if it did, it failed to enforce them and/or to properly train and instruct Defendants Lydic and Galando on identifying and eliminating sports-related hazing.

30. Additionally and notably, Defendants Lydic and Galando were not only aware of the hazing that was occurring on their team, they also knew of the existence and location of the weapon used to perpetrate it: The wooden stick.

31. Defendant Lydic, after witnessing one of the hazing incidents, told the offending student to be careful of the cameras located near the practice gym.

32. Defendants Lydic and Galando were not only negligent in the supervision of their athletes, but were grossly negligent in their failure to report these assaults, and thereby emboldened the athletes to continue by failing to penalize them for same. They created a climate of fear and intimidation, and a team culture of betrayal from coaches who should be their mentors and protectors, and older students who should be their leaders and role models.

33. The assault committed by the three assailants has left Plaintiff J.R. traumatized, and its long-term effects are unknown at this time. Defendant District and Defendants Lydic and Galando partook in this assault by abdicating their supervisory and caretaker responsibilities. These children were left completely unattended, despite the fact that the coaches knew that hazing was occurring and that students were physically assaulting other students.

34. Due to the aforementioned assaults, Plaintiff J.R. has suffered, and continues to suffer, psychological trauma, embarrassment and humiliation. He was deprived of an after-school athletic program that should have improved his self-confidence and physical and mental well-being, but did just the opposite.

35. Plaintiff J.R. must now pursue proper psychiatric treatment.

36. J.R. has suffered and continues to suffer pain, suffering and humiliation, which no minor child should have to endure.

**COUNT I – PLAINTIFF v. DEFENDANT DISTRICT**
**FOURTEENTH AMENDMENT – STATE RELATED DANGER**

37. Plaintiffs incorporate herein by reference all allegations of all paragraphs above.

38. The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1.

39. Defendant District violated Plaintiff J.R.'s Fourteenth Amendment rights, and this violation is actionable pursuant to Section 1983 under the "state-created danger" theory.

40. To establish a state-created danger claim, plaintiffs must establish four elements:

> (1) The harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff or with a degree of culpability that shocks the conscience; (3) there existed some relationship between the state and the plaintiff such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) that the state actors affirmatively used their authority to create a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." *Enright v. Springfield Sch. Dist.,* 2007 WL 4570970 at 8 (E.D. Pa. 2007).

41. Further, "a constitutional violation may result when 'state authority is affirmatively employed in a manner that injures a citizen or renders him more vulnerable to injury from another source than he or she would have been in the absence of state intervention." *Id.* (citing *Burella v. City of Phila.*, 501 F.3d 134, 146-47 (3d Cir. 2007)).

42. Defendant District knew or should have known that peer-on-peer hazing was occurring in its facilities and during District-sponsored sports and activities.

43. Defendant District knew or should have known that Defendants Lydic and Galando were engaging in inappropriate hazing towards its students, and that they were failing to protect students from hazing by other peers.

44. Defendant District knew or should have known of Plaintiff J.R.'s vulnerability when he and other students were left unsupervised.

45. Defendant District, based on this knowledge, should have ensured all middle school students were properly supervised by staff who would keep them safe.

46. Defendant District, knowing that its own staff were engaging in and/or ignoring inappropriate behavior, should have anticipated that Plaintiff J.R. would have been traumatized by said behavior.

47. Despite this knowledge, Defendant District failed to ensure Plaintiff J.R.'s safety while engaging in District sponsored activities and while participating in his normal school day.

48. The harm ultimately caused to Plaintiff J.R. was foreseeable and direct.

49. Defendant District acted in willful disregard for Plaintiff J.R.'s safety.

50. There was a specific relationship between Plaintiff J.R. and Defendant District, in that J.R. was a student in its care and protection as required by law.

51. Defendant District used its authority to create the opportunity for harm that otherwise would not have existed by failing to supervise its students, by failing to hire, instruct and train wrestling coaches who would act appropriately and in the best interest of its students, and by subsequently failing to ensure Plaintiff J.R.'s safety.

52. Defendant District's actions were predicated on a failure to act in light of a known risk.

53. Defendant District's actions manifested a disregard of a high and excessive degree of danger, known to it or apparent to a reasonable person in its position.

54. The actions of Defendant District were outrageous and willful or undertaken in such a negligent manner as to rise to the level of outrageousness and willfulness.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award Plaintiffs all remedies available under the United States Constitution and Section 1983 for these violations,

including monetary damages, attorneys' fees and costs, and all other relief this Honorable Court deems appropriate.

## COUNT II – PLAINTIFF V. DEFENDANTS DISTRICT, LYDIC and GALANDO
## NEGLIGENCE PER SE

55. Plaintiffs incorporate herein by reference all allegations of all paragraphs above.

56. At all relevant times, Plaintiff J.R., was an enrolled student at Defendant Greater Latrobe School District, and under the exclusive care, custody, and control of Defendant District during the school day.

57. As of November 18, 2018, Pennsylvania law states (in pertinent part) that a person commits the offense of hazing if that person: "[I]ntentionally, knowingly, or recklessly, for the purpose of initiating, admitting or affiliating a minor or student into or with an organization, or for the purpose of continuing or enhancing a minor or student's membership or status in an organization, causes, coerces or forces a minor or student to do any of the following ... Endure brutality of a physical nature ... Endure brutality of a mental nature ... [or] [e]ndure brutality of a sexual nature..." *Humphries v. Pennsylvania State Univ.*, 492 F. Supp. 3d 393 (M.D. Pa. 2020); 18 Pa.C.S. § 2802.

58. The Piazza Antihazing Law also allows for findings that an organization or institution has violated the law if it "intentionally, knowingly, or recklessly promotes or facilitates a violation of § 2802." Id.; 18 Pa. C.S. § 2804; 2805.

59. Defendant collectively committed acts of hazing by intentionally, knowingly, and recklessly forcing Plaintiff J.R. to endure brutality of a physical, mental, and sexual nature.

60. Defendant District was aware, or should have been aware, that students were left unsupervised for forty five (45") minutes every day between the end of the school day and the arrival of Defendants Lydic and Galando for wrestling practice.

61. Defendant District and Defendants Lydic and Galando knowingly and intentionally ignored the warnings about students engaging in hazing. Defendant District further knowingly ignored Defendants Lydic and Galando engaging in hazing.

62. Defendant District recklessly ignored the warning signs about hazing occurring on its property, and failed to have policies, practices and procedures in place to prevent hazing.

63. "The concept of negligence *per se* establishes both duty and the required breach of duty where an individual violates an applicable statute, ordinance or regulation designed to prevent a public harm [.]" *Braxton v. Commonwealth Dept. of Transp.,* 634 A.2d 1150, 1157 (1993). *See also Lutheran Distributors v. Weilersbacher,* 650 A.2d 83, 91 (1994) (where a statute imposes a duty, the violation of such statute is negligence *per se* ); *Commonwealth Dept. of Pub. Welfare v. Hickey,* 582 A.2d 734, 736 (1990) (same).

64. A plaintiff, however, having proven negligence *per se,* cannot recover unless it can be proven that such negligence was the proximate cause of the injury. *Hickey, supra. See Wagner v. Anzon, Inc.,* 684 A.2d 570, 574 (1996).

65. Defendants have a duty to protect the minor students in their care, custody and control.

66. Defendants violated Pennsylvania's anti-hazing statute.

67. Plaintiffs were harmed as a direct result of Defendants District, Lydic and Galando's negligence, carelessness, and recklessness. Due to Defendants' actions and nonactions, Plaintiffs have suffered damages including, but not limited to, physical assault, sexual assault, emotional distress, reputational harm, embarrassment, mental anguish, physical manifestations of emotional duress, emotional and psychological trauma, loss of enjoyment, a deprivation of participation in extracurricular sports activities, and financial loss.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award Plaintiffs all remedies available under applicable law for these violations, including monetary damages, attorneys' fees and costs, and all other relief this Honorable Court deems appropriate.

### COUNT III – PLAINTIFF V. DEFENDANTS DISTRICT, LYDIC and GALANDO NEGLIGENCE

68. Plaintiff incorporates herein by reference all allegations of all paragraphs above.

69. At all relevant times, Plaintiff J.R., was an enrolled student at Defendant Greater Latrobe School District and under the care, custody, and control of Defendant District during the school day, and Defendants Lydic and Galando during practice.

70. The four elements of a negligence claim under Pennsylvania law are as follows: "a duty to conform to a certain standard for the protection of others against unreasonable risks; the defendant's failure to conform to that standard; a causal connection between the conduct and the resulting injury; and actual loss or damage to the plaintiff." *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348 (Pa. 2018).

71. Defendant District owed a duty to Plaintiffs through a preexisting duty of care. Defendant District, as a public school district, has a special relationship to ensure all students, including J.R., are safe and have their emotional and physical well-being protected while on school premises and while participating in school activities.

72. Defendant District breached its duties to Plaintiffs through its negligence, carelessness, and recklessness, generally and in the following particulars:

   a. Defendant District knowingly left minors unsupervised.

      b. Defendant District carelessly and recklessly left minors in the care of Defendants Lydic and Galando who were known to be acting inappropriately by engaging in hazing and not stopping or reporting hazing that was occurring between students.

      c. Defendant District failed to protect its students, including J.R., from hazing, as more particularly described above.

73. As a result of Defendant District's actions and inactions, Plaintiffs have suffered damages including, but not limited to, physical assault, sexual assault, emotional anguish, reputational harm, embarrassment, mental anguish, physical manifestations of emotional duress, emotional and psychological trauma, and financial loss.

### COUNT IV – PLAINTIFF V. DEFENDANTS DISTRICT, LYDIC, GALANDO, R.S. and W.S. - ASSAULT and BATTERY

74. Plaintiff incorporates herein by reference all allegations of all paragraphs above.

75. Defendants R.S. and W.S. knew with substantial certainty that their actions and conduct would cause harm to Plaintiff.

76. Defendants collectively intentionally ignored and disregarded the risk of harm to Plaintiff by assaulting the Plaintiff as aforementioned.

77. As a direct and proximate result of Defendants' conduct, Plaintiff sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

### COUNT IV – PLAINTIFF V. DEFENDANTS DISTRICT, LYDIC, GALANDO, R.S. and W.S. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff incorporates herein by reference all allegations of all paragraphs above.

79. Under Pennsylvania tort law, a plaintiff alleging intentional infliction of emotional distress ("IIED") must show the following: (1) the conduct must be extreme and outrageous; (2) it

must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. *Hoy v. Angelone*, 691 A.2d 476 (Pa. Super. Ct. 1997).

80. The Plaintiff must show that the conduct at issue was "so outrageous in character and so extreme in degree as to go beyond all possible grounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id*.

81. Plaintiff must also demonstrate that he suffered "some type of resulting physical harm due to the defendant's outrageous conduct." *Reedy v. Evanson*, 615 F.3d 197, 232 (3d Cir. 2010). Mr R.R. and Mrs. N.R. entrusted the care of their minor child, J.R., to Defendant District during the school day and during school sponsored activities, like wrestling.

82. Rather than acting to care for Plaintiff's well-being, the District recklessly ignored Plaintiff's physical safety and emotional well-being and allowed R.S., W.S., and others to sexually assault Plaintiff.

83. Defendants District, Lydic and Galando failed to act in any way to provide even the most basic care and support for Plaintiff in the school setting before, during, and after the sexual assault.

84. This conduct by Defendant District was extreme and outrageous, as the District had a duty to act in place of a Parent while Plaintiff was in its care, custody, and control.

85. The District acted intentionally and recklessly in failing to provide appropriate action and support to ensure Plaintiff had what he needed to be physically safe and emotionally supported while in the District's care.

86. As a result of the District's actions and inactions, J.B. suffered extreme emotional distress and psychological anxiety. Plaintiff continues to suffer from emotional distress and requires ongoing mental health treatment for Post Traumatic Stress Disorder.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award Plaintiffs all remedies available under the applicable law for these aforesaid violations, including monetary damages, attorneys' fees and costs, and all other relief this Honorable Court deems appropriate.

Respectfully submitted,

By: _____
Kenneth M. Baldonieri, Esq.
Pa. ID #92962

By: ___*/s/ Aimee R. Jim*___
Aimee R. Jim, Esq.
Pa. ID #82086

## VERIFICATION

We, R.R. and N.R., parents and natural guardians of minor child J.R., verify that the averments or denials of fact contained in this COMPLAINT IN CIVIL ACTION are true and correct to the best of our knowledge, information, and belief. We understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Date: 8/13/2021

_____
R.R.

Date: 8/13/2021

_____
N.R.