**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

J.R., a minor, by and through his
parents and natural guardians, Mr. R.R.
and Ms. N.R., husband and wife,
and Mr. R.R. and Ms. N.R., husband and
wife, in their own right,

        Plaintiffs,

    vs.

GREATER LATROBE SCHOOL
DISTRICT, a Pennsylvania Municipal
Corporation, CARY JAMES LYDIC,
an adult individual, DAVID F. GALANDO,
an adult individual, R.S., a minor
individual, and W.S., a minor individual,

        Defendants.

CIVIL ACTION

Case No.:  2:21-cv-1088

## ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND CROSSCLAIMS

    Defendant, R.S. (“**Defendant**”), a minor individual, by his undersigned counsel, files the following Answer to Complaint, Affirmative Defenses and Crossclaims:

    1.    Denied as stated. It is admitted that Plaintiffs’ Complaint as a whole speaks for itself.  Defendant denies any attempt by Plaintiffs to mischaracterize the Complaint or to draw any impermissible legal conclusions from the filing.

### Parties

    2.    Denied as stated. It is admitted only that J.R. was present at the Greater Latrobe School District during the alleged conduct complained of.

    3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of R.R. and N.R.’s relationship to J.R.

1

4.     Denied as stated. It is admitted this paragraph states a legal conclusion. It is admitted Latrobe has an office at the address pleaded.

5.     Admitted upon information and belief.

6.     Admitted upon information and belief.

7.     Denied as stated. It is admitted only that Defendant was a student of the City of Latrobe.  It is denied that Defendant is currently a resident of Latrobe.

8.     Admitted upon information and belief.

## Jurisdiction and Standing

9.     Denied as stated. It is admitted that Plaintiffs' Complaint as a whole speaks for itself. Defendant denies any attempt by Plaintiffs to mischaracterize the Complaint or to draw any impermissible legal conclusions from the filing.

10.     This paragraph states conclusions of law to which no response is required.

11.     This paragraph states conclusions of law to which no response is required.

12.     Denied as stated. It is admitted that Plaintiffs' Complaint as a whole speaks for itself. Defendant denies any attempt by Plaintiffs to mischaracterize the Complaint or to draw any impermissible legal conclusions from the filing.

13.     This paragraph states conclusions of law to which no response is required.

14.     This paragraph states conclusions of law to which no response is required.

15.     This paragraph states conclusions of law to which no response is required.

## Facts

16.     Denied as stated.  Defendant lacks knowledge or information sufficient to form a belief as to the truth as to J.R.'s grades. The remaining allegations are admitted.

17.     Denied. It is denied that R.S. hit or smacked any of his classmates with a stick. The remaining allegations state conclusions of law to which no response is required.

18.     Denied. It is denied that R.S. struck J.R. with a wooden stick or personally attacked J.R.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the actions of J.R. in dressing and presenting for practice. It is denied that R.S. pinned J.R. to the ground.

21.     Denied. It is denied that R.S. pinned J.R. to the ground thereby "immobilizing" him.

22.     Denied. It is denied that R.S. began forcefully striking J.R. with a stick. It is denied that R.S. rammed a stick into J.R.'s buttocks and/or anus.

23.     Denied. It is denied that a sexual assault took place. To the extent J.R. purports to summarize testimony from a previous proceeding, Defendant denies any attempt by Plaintiffs to mischaracterize the proceeding's testimony or to draw any impermissible legal conclusions from that proceeding.

24.     Denied. It is denied that a sexual assault took place.

25.     Denied as stated. It is admitted that R.S. denied any wrongdoing because that is the truth.  Defendant lacks knowledge or information sufficient to form a belief as to the truth as to what J.R. allegedly could or could not verbalize.

26.     Denied. It is denied that on every practice day preceding the incident, from 2:45 p.m. until 3:30 p.m., the ninth-grade wrestlers were completely unsupervised.

27.     Denied as stated.  It is denied that R.S. was left unsupervised for 45 minutes every day. Defendant lacks knowledge or information sufficient to form a belief as to the truth as to R.S.'s other classmate's alleged supervision.

28.     Denied for the reasons stated in paragraphs 26 and 27.

29.     This paragraph states conclusions of law to which no response is required. It is nevertheless denied.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth as to what his co-defendants were allegedly aware of.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth as to what his co-defendants were allegedly told. It is also unclear which "offending student" this paragraph is directed to, so the averments are denied on that basis as well.

32.     This paragraph states conclusions of law to which no response is required.  It is nevertheless denied.

33.     This paragraph states conclusions of law to which no response is required. It is nevertheless denied in its entirety. With respect to the alleged supervision, Defendant incorporates his averments in paragraphs 26 and 27, above. Defendant lacks knowledge or information sufficient to form a belief as to the truth as to J.R.'s mental condition.  It is denied that R.S. caused any trauma and/or any other alleged mental issues with J.R.

34.     Denied for the reasons stated in paragraph 33, above.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth as to what alleged treatment J.R. has pursued. It is denied that R.S. is the cause of any alleged mental treatment J.R. has allegedly sought.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth as to what alleged pain, suffering, and/or humiliation J.R. alleges his suffered. It is denied that R.S. is the cause of any alleged pain, suffering, and/or humiliation.

**Count I**

37.     Defendant incorporates by reference the allegations stated above as if restated here in their entirety.

38.     This paragraph is not directed at R.S. and it is denied on that basis.

39.     This paragraph is not directed at R.S. and it is denied on that basis.

40.     This paragraph is not directed at R.S. and it is denied on that basis.

41.     This paragraph is not directed at R.S. and it is denied on that basis.

42.     This paragraph is not directed at R.S. and it is denied on that basis.

43.     This paragraph is not directed at R.S. and it is denied on that basis.

44.     This paragraph is not directed at R.S. and it is denied on that basis.

45.     This paragraph is not directed at R.S. and it is denied on that basis.

46.     This paragraph is not directed at R.S. and it is denied on that basis.

47.     This paragraph is not directed at R.S. and it is denied on that basis.

48.     This paragraph is not directed at R.S. and it is denied on that basis.

49.     This paragraph is not directed at R.S. and it is denied on that basis.

50.     This paragraph is not directed at R.S. and it is denied on that basis.

51.     This paragraph is not directed at R.S. and it is denied on that basis.

52.     This paragraph is not directed at R.S. and it is denied on that basis.

53.     This paragraph is not directed at R.S. and it is denied on that basis.

54.     This paragraph is not directed at R.S. and it is denied on that basis.

WHEREFORE, R.S. prays for judgment in his favor and against Plaintiffs.

**Count II**

55.     Defendant incorporates by reference the allegations stated above as if restated here in their entirety.

56.     This paragraph is not directed at R.S. and it is denied on that basis.

57.     This paragraph is not directed at R.S. and it is denied on that basis.

58.     This paragraph is not directed at R.S. and it is denied on that basis.

59.     This paragraph is not directed at R.S. and it is denied on that basis.

60.     This paragraph is not directed at R.S. and it is denied on that basis.

61.     This paragraph is not directed at R.S. and it is denied on that basis.

62.     This paragraph is not directed at R.S. and it is denied on that basis.

63.     This paragraph is not directed at R.S. and it is denied on that basis.

64.     This paragraph is not directed at R.S. and it is denied on that basis.

65.     This paragraph is not directed at R.S. and it is denied on that basis.

66.     This paragraph is not directed at R.S. and it is denied on that basis.

67.     This paragraph is not directed at R.S. and it is denied on that basis.

WHEREFORE, R.S. prays for judgment in his favor and against Plaintiffs.

**Count III**

68.     Defendant incorporates by reference the allegations stated above as if restated here in their entirety.

69.     This paragraph is not directed at R.S. and it is denied on that basis.

70.     This paragraph is not directed at R.S. and it is denied on that basis.

71.     This paragraph is not directed at R.S. and it is denied on that basis.

72.     This paragraph is not directed at R.S. and it is denied on that basis.

73.     This paragraph is not directed at R.S. and it is denied on that basis.

WHEREFORE, R.S. prays for judgment in his favor and against Plaintiffs.

### Count IV

74.      Defendant incorporates by reference the allegations stated above as if restated here in their entirety.

75.      Denied. Defendant denies the actions as pleaded in the Complaint. Defendant denies that at any material time he caused and/or intended to cause any harm to J.R.

76.     Denied. It is denied that Defendant assaulted J.R. It is denied that Defendant ignored and/or disregarded J.R.'s risk of harm.

77.     Denied. It is denied that Defendant is the legal and/or proximate cause of any alleged harm J.R. pleads in this paragraph.

WHEREFORE, R.S. prays for judgment in his favor and against Plaintiffs.

### Count V[1]

78.     Defendant incorporates by reference the allegations stated above as if restated here in their entirety.

79.     This paragraph states conclusions of law to which no response is required.

80.     This paragraph states conclusions of law to which no response is required.

81.     This paragraph states conclusions of law to which no response is required.

82.     Denied. Defendant denies that he sexually assaulted J.R. The remaining allegations are not directed at R.S. and are denied on that basis.

83.     Denied. Defendant denies that he sexually assaulted J.R. The remaining allegations are not directed at R.S. and are denied on that basis.

---

[1] Plaintiff pleads two (2) Count "IVs" in error.

84.     The allegations in this paragraph are not directed at R.S. and are denied on that basis. It is denied that Defendant harmed J.R. and/or is the legal and/or proximate cause to any alleged harm he complains of here.

85.     The allegations in this paragraph are not directed at R.S. and are denied on that basis. It is denied that Defendant harmed J.R. and/or is the legal and/or proximate cause to any alleged harm he complains of here.

86.     The allegations in this paragraph are not directed at R.S. and are denied on that basis. It is denied that Defendant harmed J.R. and/or is the legal and/or proximate cause to any alleged harm he complains of here.

WHEREFORE, R.S. prays for judgment in his favor and against Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitation(s).

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' have failed to establish that their alleged injuries and damages, without being admitted, were a direct and proximate cause of any act or omission on the part of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The acts Plaintiffs complain of, without being admitted, were undertaken by individuals other than Defendant, over which Defendant had no control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, without being admitted, were caused in whole or in part by superseding and/or intervening causes thereby relieving Defendant of liability.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited because they have failed to mitigate their damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they have failed to exhaust all administrative remedies available to them.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the doctrine of comparative negligence and/or assumption of the risk.

## TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to rely on any defense available in law or fact in this action and specifically reserves the right to amend, modify, or supplement the defenses stated herein as additional facts become known.

WHEREFORE, R.S. prays for judgment in his favor and against Plaintiffs.

## CROSSCLAIMS

### *R.S. v. Greater Latrobe School District, Cary James Lydic, David F. Galando and W.S.*

1.     Defendant incorporates by reference the allegations stated above as if restated here in their entirety.

2.     Defendant has denied and continues to deny any and all liability to Plaintiffs.

3.     Although it is denied that Plaintiffs are entitled to recover any damages alleged in Plaintiffs' Complaint, to the extent that Plaintiffs are entitled to recovery, any and all damages were the direct and proximate result of the actions of co-Defendants Greater Latrobe School District, Cary James Lydic, David F. Galando, and/or W.S.

4.     If it is determined that Plaintiffs are entitled to recovery and that Defendant is found legally responsible, a liability which is expressly denied, then Defendant asserts a crossclaim for contribution and/or indemnity against co-Defendants Greater Latrobe School District, Cary James Lydic, David F. Galando, and/or W.S.

WHEREFORE, R.S. prays for judgment in his favor on any and all claims or, in the alternative, demands contribution and/or indemnification from co-Defendants Greater Latrobe School District, Cary James Lydic, David F. Galando, and/or W.S.

Respectfully Submitted,

STRASSBURGER McKENNA GUTNICK
& GEFSKY

By:     /s/ *Jordan Lee Strassburger*
Jordan Lee Strassburger
Pa. I.D. No. 209456

Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5423
*Counsel for Defendant R.S., a minor individual*